UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAH INTERESTS V, LLC, a Texas limited liability company; JASON HALL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NUTRITION 53, INC., a California corporation; WILLIAM ROMANOWSKI, an individual; and DOES 1 through 10,<br><br>Defendants. | No. 2:21-cv-00173-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

Secret backroom dealings. Use of company funds to pay personal expenditures. Preventing the IRS from reaching those funds. These are just a few of the allegations cast against Mr. William Romanowski ("Romanowski"), former San Francisco 49er/NFL player and current majority shareholder, director, and public face of Nutrition 53, Inc. ("N53"), in the present action. See Compl., ECF No. 1. Mr. Romanowski founded N53, a nutritional and dietary supplement company known for its Lean1 brand of protein

1

powders, vitamins, and other products. Id. ¶¶ 8-9,17. N53's second largest shareholder, Jason Hall ("Hall"), and his Texas-based investment company, JAH Interests V, LLC ("JAH") (collectively "Plaintiffs") filed this action against N53 and Romanowski ("Defendants") to enforce their contractual and statutory rights in N53. Id. ¶¶ 6-7, 12. Plaintiffs assert four claims: (1) breach of the 2018 Stock Purchase Agreement against N53, (2) restitution due to rescission against N53, (3) breach of fiduciary duty against Romanowski, and (4) violation of California Corporations Code § 1601 *et seq.* against all Defendants. Id. ¶¶ 21-44.

Before the Court are two motions to dismiss.[1] Mot. to Dismiss by William Romanowski ("Romanowski Mot."), ECF No. 8; Mot. to Dismiss by Nutrition 53, Inc. ("N53 Mot."), ECF No. 9. Plaintiffs oppose these motions. Opp'n by JAH et al. to N53 Mot. ("Opp'n to N53"), ECF No. 10; Opp'n by JAH et al. to Romanowski Mot. ("Opp'n to Romanowski"), ECF No. 11. Each Defendant then filed a reply. Reply by Romanowski ("Romanowski Reply"), ECF No. 14; Reply by N53 ("N53 Reply"), ECF No. 15.

For the reasons discussed below, the Court grants Defendants' motions to dismiss.

I. FACTUAL ALLEGATIONS

On June 19, 2018, JAH and N53 entered into a Stock Purchase Agreement ("SPA"). Compl. ¶ 12. Pursuant to this agreement, JAH

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 20, 2021.

2

purchased 7,548,550 shares of N53's Series B Preferred Stock for $2,264,565.00. Id. As consideration for its purchase of stock, JAH obtained the following corporate rights: (i) the right to elect its own board member to sit on N53's board of directors; (ii) the right to have its board member's attendance required for a quorum for all board meetings and decisions; (iii) the right to participate in N53's corporate governance as provided in the N53 Bylaws; and (iv) the "absolute right" through its elected board member to access and inspect "all books, records and documents of every kind" related to N53, including N53's share register, corporate minutes, and accounting records. Id. ¶ 13. JAH subsequently elected Hall to represent JAH on N53's board of directors. Id. ¶ 15.

In January 2019, N53 - under Romanowski's leadership as its then-CEO - entered into an "Assignment of Lean1 Bulk Product Sales" with a third-party company, ProForm, to which N53 owed a substantial debt. Id. ¶ 17. N53 did not first notify or discuss this agreement with JAH, nor did N53 hold a board meeting prior to entering the agreement. Id.

By July 2019, Plaintiffs had arranged a deal whereby JAH would step in and pay off N53's substantial debt to ProForm through an additional capital contribution to N53. Id. Plaintiffs allege Romanowski interfered with the deal they'd arranged by first telling ProForm that the JAH deal was no longer on the table and then entering into his own "backroom deal" with ProForm. Id. Plaintiffs suspect Romanowski's actions were "motivated by his own self-interest in preventing the IRS from gaining access to company funds that he had, up to that point,

3

been pocketing." Id.

In January 2020, Romanowski removed and replaced two board members without the approval of the rest of the board. Id.

In February 2020 at a N53 board meeting, Mr. Romanowski allegedly disclosed that he "was using company funds as his own personal piggy bank – including to pay for his rent and other personal living expenditures." Id. In the wake of Romanowski's disclosure that he was using company funds for his own personal expenses, Plaintiffs requested access to N53's corporate books and records on more than twenty separate occasions. Id. ¶ 18. N53 and Romanowski have denied Plaintiffs access. Id.

II. OPINION

A. Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv.,

572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Analysis: Romanowski Motion</u>

Defendant Romanowski moves to dismiss both claims asserted against him: the third cause of action for breach of fiduciary duty, <u>see</u> Compl. ¶¶ 33-37, and the fourth cause of action for violation of California Corporations Code § 1601 *et seq.*, <u>see</u> <u>id.</u> ¶¶ 38-44. Romanowski Mot. at 4-10.

1. <u>Breach of Fiduciary Duty</u>

JAH's third claim against Romanowski alleges he breached his fiduciary duties to JAH, in particular his duty to act in good faith and with inherent fairness towards JAH as a minority shareholder. Compl. ¶¶ 33-37. Romanowski contends Plaintiffs have not stated a claim for breach of fiduciary duty because (1) they have failed to allege any breach of the fiduciary duties he owed to JAH and (2) they have failed to allege any damages to JAH resulting from the breach. Romanowski Mot. at 4-8; Romanowski Reply at 1-4.

The three elements of a claim for breach of fiduciary duty are: "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." <u>Parrish v. NFL Players Ass'n</u>, 534 F.Supp.2d 1081, 1097 (N.D. Cal 2007)(internal citations omitted); <u>see also</u> <u>Shopoff & Cavallo LLP v. Hyon</u>, 167 Cal.App.4th 1489, 1509 (2008). Romanowski concedes the first element is met here. Romanowski Mot. at 4; Romanowski Reply at 1. He disputes, however, whether the second and third elements have been sufficiently alleged. Romanowski Mot. at 4-8; Romanowski Reply at 2-4.

As to the second element of breach, Plaintiffs' relevant

5

allegations are set forth in paragraphs 17 and 18.  Compl. ¶¶ 17-18; see also Opp'n to Romanowski at 4-5 (referring the Court to these paragraphs).  In particular, JAH highlights its allegations that Romanowski interfered with the deal JAH had arranged with ProForm to pay off N53's debt and then entered his own deal with ProForm.  Opp'n to Romanowski at 4-5.  Romanowski counters that these allegations do not actually explain how Romanowski breached any fiduciary duty.  Romanowski Reply at 2-3.  The Court agrees.

First, JAH brings forward no caselaw supporting its contention that Romanowski breached a fiduciary duty when he failed to notify JAH of the transaction with ProForm before it happened or that Romanowski breached a fiduciary duty by not allowing JAH to buy out N53's debt with ProForm.  See Opp'n to Romanowski.  Rather, in opposition, JAH simply concludes that these actions "clearly violated Romanowski's fiduciary duties to JAH" because they were "inherently unfair" and "unquestionably in bad faith."  Opp'n to Romanowski at 5.  But in the absence of any authority supporting this contention, the Court does not find these allegations plausibly allege any breach of Romanowski's fiduciary duty to act in good faith and with inherent fairness towards JAH.

Second, JAH does not save its claim by arguing that the "ultimate determination of whether a breach of fiduciary duty occurred is a question for the trier of fact."  Opp'n to Romanowski at 5.  In support of this argument, JAH cites to Tenzer v. Superscope, Inc., 39 Cal. 3d 18 (1985), and Mueller v. Macban, 62 Cal.App.3d 258 (1976).  But while these cases do support the general proposition that breach is ultimately a

6

question for the trier of fact, they do not bear on the question presently before the Court: whether Plaintiffs have plausibly alleged breach. See Iqbal, 556 U.S. at 679.

Finally, the Court agrees with Romanowski that Plaintiffs' allegations regarding Mr. Romanowski's misuse of N53's funds, see Compl. ¶ 17, cannot support a direct claim for breach of fiduciary duty. Romanowski Mot. at 7-8; Romanowski Reply at 3. Plaintiffs allege that in February 2020 at a N53 board meeting, Mr. Romanowski disclosed that he "was using company funds as his own personal piggy bank – including to pay for his rent and other personal living expenditures." Id. For purposes of this Motion, the Court takes these allegations as true, however, even so, the Court finds these allegations support at most a claim that Romanowski violated his fiduciary duty to N53 not to JAH. That is, these allegations support only a derivative claim, not a direct claim. Yet, only a direct claim has been asserted. See Compl. ¶¶ 33-37; Opp'n to Romanowski at 6.

In an attempt to save its direct claim, JAH argues that an exception to the general rule that minority shareholders may only sue derivatively applies. Opp'n to Romanowski at 6 (citing to Jones v. H. F. Ahmanson & Co., 1 Cal. 3d 93 (1969)). This exception, recognized in Jones, allows a minority shareholder to bring a direct claim for breach of fiduciary duty against a majority shareholder where the minority shareholder's "injury is not incidental to an injury to the corporation." Id. at 107. However, where the alleged injury to the minority shareholder is incidental to the injury to the corporation, the claim must be asserted derivatively. Paclink Commc'ns Intern., Inc. v. Super.

7

Court, 90 Cal.App.4th 958, 964 (2001) (finding the Jones exception did not apply where the plaintiffs' injury was incidental to the company's injury). In Paclink, the California Court of Appeals explained that plaintiffs are not directly injured when a company is improperly deprived of assets, rather that deprivation "constitutes an injury to the company itself." 90 Cal.App.4th at 964. Where a company is deprived of assets, Plaintiffs' injury is "essentially a diminution in the value of [plaintiffs'] interest . . . occasioned by the loss of the company's assets," and the injury to plaintiffs is therefore incidental to the injury suffered by the company. Id.

Here, as in Paclink, the alleged injury to JAH is clearly incidental to any injury to the corporation. If Romanowski misappropriated N53's funds for his own personal use, then it follows that the monetary harm would be to N53, and any harm to JAH as a shareholder would be merely "incidental to or an indirect result of a direct injury to the corporation or to the whole body of its stock or property." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998); see also Paclink, 90 Cal.App.4th at 964. JAH therefore has no direct claim for breach of fiduciary claim based upon Romanowski's alleged misuse of funds.

Because the element of breach is required to state a breach of fiduciary duty claim, this failure alone warrants dismissal of Plaintiffs' third cause of action and the Court need not reach the parties' additional arguments regarding the element of damages. See Opp'n to Romanowski at 6-7; Romanowski Reply at 3-4.

The Court further finds dismissal without leave to amend is appropriate. The Court need not grant leave to amend where

amendment would be futile. <u>Deveraturda v. Globe Aviation Sec. Servs.</u>, 454 F.3d 1043, 1049 (9th Cir. 2006). In opposition, Plaintiffs had the opportunity to bring forward authority supporting their contention that they plausibly alleged the element of breach yet failed to do so. Further, in opposition, Plaintiffs did not offer any facts that might lead the Court to believe that Plaintiffs could add allegations to avoid dismissal on 12(b)(6) grounds. See Opp'n to Romanowski. Accordingly, the Court finds amendment would be futile.

2. <u>California Corporations Code § 1601 *et seq.*</u>

Plaintiffs' fourth claim against Romanowski alleges he violated California Corporations Code § 1601 *et seq.* by depriving JAH and Mr. Hall of their statutory right to inspect corporate books and records. Compl. ¶¶ 38-44. Specifically, Plaintiffs allege that Hall, as JAH's designated director, has an "absolute right" to inspect all books, records, and documents "of every kind" pertaining to N53 and that both N53 and Romanowski have interfered with this right by denying him access on more than 20 separate occasions. Id. ¶¶ 18, 40-41. Romanowski moves to dismiss this claim, arguing that these statutory provisions do not impose any independent duties or obligations on individuals, rather they set forth only the corporations' obligations to make information available. Romanowski Mot. at 9-10. These provisions, according to Romanowski, "expressly provide that the corporation alone is responsible for furnishing the appropriate documents and information." Id. at 9.

The provisions of the California Corporations Code at issue are §§ 1601, 1602, 1604, 1605. See Cal. Corp. Code § 1601

(requiring that documents including "accounting books, records, and minutes of proceedings of the shareholders and the board" be made available "upon the written demand on the corporation of any shareholder"); Cal. Corp. Code § 1602 (granting directors the right to "inspect and copy all books, records and documents of every kind and to inspect the physical properties of the corporation"); Cal. Corp. Code § 1604 (authorizing award of attorney's fees and expenses upon "failure of the corporation to comply" with section 1600 or 1601); Cal. Corp. Code § 1605 (stating "a request for inspection is not complied with unless and until the corporation at its expense makes such record available in written form").

The parties agree these provisions impose obligations on corporations to provide shareholders and directors with documents and information upon request. Romanowski Mot. at 9; Opp'n to Romanowski at 8. The parties, however, dispute whether these provisions also impose legal obligations on individual directors or shareholders such that an individual may be held personally liable for violating § 1601 *et seq*. Opp'n to Romanowski at 7-9; Romanowski Reply at 4-5. Romanowski argues there is no cause of action against him individually under these provisions, while Plaintiffs insist there is. Id.

As an initial matter, the Court finds the plain language of these provisions supports Romanowski's position because only the duties and obligations of corporate entities are expressly addressed in §§ 1601, 1602, 1604, 1605. In their opposition brief, Plaintiffs highlight only one reference to individual "officers and agents of the corporation" in Section § 1603(b).

Opp'n to Romanowski at 8. Yet, as Romanowski points out, Plaintiffs' selective quoting from § 1603 fails to explain how the limited duties of individual officers and agents' set forth in § 1603(b)- namely to comply with the demands of court appointed inspectors or accountants - are triggered here. Romanowski Reply at 5 n.5. The duties set forth in § 1603(b) apply only where a corporation has refused lawful demand for inspection and "the superior court of the proper county" steps in to enforce the inspection rights. See § 1603(a) (emphasis added). Only after those conditions have been met, "all officers and agents of the corporation shall produce to the inspectors or accountants appointed [by the superior court] all books and documents in their custody or power, under penalty of punishment for contempt of court." Cal. Corp. Code § 1601(b). Thus, the reference to individual duties in Section §1603(b) has no bearing on the present scenario, where there has been no superior court order to enforce Plaintiffs' inspection rights and thus those duties have not been triggered.

The Court finds that the plain language of the statutory provisions at issue does not support Plaintiffs' position, nor does the authority cited by Plaintiffs. See Opp'n to Romanowski at 7-9 (citing to HIT Ent., Inc. v. Nat'l Disc. Costume Co., 552 F.Supp.2d 1099, 1106 (S.D. Cal. 2008); Bonfigli v. Strachan, 192 Cal.App.4th 1302, 1317–18 (2011); PMC, Inc. v. Kadisha, 78 Cal.App.4th 1368, 1381-82 (2000); Vacco Indus., Inc. v. Van Den Berg, 5 Cal.App.4th 34, 53 n.20 (1992); Klein v. Oakland Raiders, Ltd., 211 Cal.App.3d 67, 76-79 (1989); Valtz v. Penta Inv. Corp., 139 Cal.App.3d 803 (1983)). As Romanowski points out, none of

these cases actually involved a violation of Corporations Code § 1601, *et seq.* Romanowski Reply at 4. Rather, HIT involved trademark infringement claims under the Lanham Act and California law. See 552 F.Supp.2d 1099. Bonfigli involved a property dispute and claims for fraud, concealment, breach of fiduciary duty, trespass, and elder abuse. See 192 Cal.App.4th 1302. PMC concerned claims for misappropriation of trade secrets, unfair competition, and interference with prospective economic advantage. See 78 Cal.App.4th 1368. Vacco similarly concerned trade secrets claims. See 5 Cal.App.4th 34. Klein involved antitrust claims under the Sherman Act and cross-claims for interference with prospective economic advantage. See 211 Cal.App.3d 67.

Even Valtz, the case Plaintiffs rely on most heavily in support of their position that Romanowski can be held personally liable involved California Corporations Code § 1600, which is not at issue here. See 139 Cal.App.3d 803l; see also Opp'n to Romanowski at 9. Most significantly, Valtz did not address the issue here, namely whether an individual may be held personally liable for violating § 1601 *et seq.* Id. As such, neither Valtz nor any other of Plaintiffs' cited cases clearly authorize this Court to find a cause of action under § 1601 *et seq.* against an individual. In the absence of such authority, the Court declines to find a cause of action exists against Romanowski, particularly where the plain language of the statutory provisions does not support such a finding. Plaintiffs' fourth claim therefore fails as a matter of law and must be dismissed.

Further, the Court finds dismissal without leave to amend is

appropriate because amendment would be futile. Deveraturda, 454 F.3d at 1049. In opposition, Plaintiffs had the opportunity to bring forward authority supporting their position that Romanowski could be held personally liable for violating § 1601 et seq. yet failed to do so.

    C.    Analysis: N53's Motion

Defendant N53 moves to dismiss Plaintiffs' first and second causes of action for failure to plead the legal effect of the relevant provisions of the SPA. N53 Mot. at 4-5; N53 Reply at 2-4. This failure, according to N53, renders these two claims "fatally uncertain" and leaves N53 unable to ascertain the nature of the claims against them. N53 Mot. at 1. JAH counters that it has sufficiently pled the legal effect of the SPA and thus adequately notified N53 of the claims against it. Opp'n to N53 at 3-5.

As an initial matter, N53 concedes that JAH was not required to attach the SPA or to quote directly from the SPA in order to state its two contractual claims. N53 Reply at 3; see also Opp'n to N53 at 4 (collecting cases). Both parties therefore acknowledge that pleading the legal effect of a contract is also permissible. Id. Their dispute is whether JAH has sufficiently pled the legal effect of the relevant provisions of the SPA.

This Court has previously explained: "A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect. To plead a contract by its legal effect, [the plaintiff] must allege the substance of its relevant terms, which is more difficult, for

it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." Wallace v. Nationstar Mortg. LLC, No. 2:18-cv-02768-JAM, 2019 WL 1382499, at *2 (E.D. Cal. Mar. 27, 2019) (internal quotation marks and citations omitted); see also Jackson v. Farmers Ins. Exch., No. 2:12-cv-01020-WBS, 2012 WL 5337076 at *4 (E.D. Cal. Oct. 26, 2012) ("In order to plead a contract by its legal effect, [plaintiffs] must allege the substance of its relevant terms.")

Here, JAH insists that it has sufficiently pled the substance of the relevant provisions of the SPA. Opp'n to N53 at 3-5. According to JAH, the legal effect of the materials terms of the SPA is "plainly evident from the face of the Complaint." Id. at 5. In support of this argument, JAH refers the Court to paragraphs 12-15 of the complaint as adequately setting forth the material terms of the SPA. Id. at 4-5. N53 argues the allegations contained in those paragraphs do not satisfy the applicable pleading requirements because they are not comprehensive statements and do not avoid legal conclusions." N53 Reply at 3-4. The Court agrees. Plaintiffs have not clearly alleged the substance of the SPA's relevant terms as required to properly plead the legal effect of this agreement. See Wallace, 2019 WL 1382499, at *2. In particular, paragraph 13 of the complaint pleads JAH's contractual rights and their source in a conclusory and confusing manner. Compl. ¶ 13.

In paragraph 13, JAH cites to the SPA as the source of some of its corporate rights and cites to N53's bylaws for others: namely JAH's right to elect its own board member to sit on N53's

board of directors and its right to have that board member's attendance required for a quorum for all board meetings and decisions are followed by citations to provisions of the SPA, while JAH's right to participate in N53's corporate governance and its right to access and inspect N53's corporate records are followed by citations to N53 bylaws. Id. ¶ 13. These allegations leave it unclear as to whether JAH is bringing a separate claim for breach of the bylaws in addition to its claim for breach of the SPA. Or perhaps, as N53 suggests, paragraph 13 is an attempt by Plaintiffs to allege that the corporate bylaws are incorporated into the SPA. N53 Reply at 5. In any case, these allegations make it difficult to ascertain whether JAH is alleging N53 has violated the SPA, N53's corporate bylaws, or both.

By mixing allegations regarding the bylaws and provisions of the SPA, JAH fails to carefully and comprehensively plead the legal effect of the relevant provisions of the SPA as required under Wallace and muddles its two claims arising under the SPA. 2019 WL 1382499, at *2. This failure warrants dismissal of JAH's two contractual claims.[2] Accordingly, the first and second causes of action against N53 are dismissed.

Since it may be possible for Plaintiffs to cure the above-described deficiencies, the Court will grant them an opportunity to file a First Amended Complaint.

///

---

[2] Because the Court dismisses on these grounds, the Court does not reach the parties' additional arguments regarding breaches of the implied covenant of good faith and fair dealing. See N53 Mot. at 4-5; Opp'n to N53 at 5 n.4.

15

D. Sanctions

A violation of the Court's standing order requires the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of Court. Order re Filing Requirements at 1, ECF No. 4-2. Moreover, the Court does not consider arguments made past the page limit. Id.

Defendant N53's reply brief exceeds the Court's page limit by 2.5 pages. See N53 Reply. N53's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $125.00 no later than seven days from the date of this Order.

III. ORDER

For the reasons set forth above, the Court GRANTS Defendant N53's Motion WITH LEAVE TO AMEND and GRANTS Defendant Romanowski's Motion WITHOUT LEAVE TO AMEND. If Plaintiffs elect to amend their complaint, they shall file a First Amended Complaint within twenty days (20) of this order. Defendant N53's responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: May 5, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE